IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| EVELYN DIFRANCESCO,<br><br>Plaintiff,<br><br>        vs.<br><br>CAROLYN S. OSTBY, DISTRICT COURT, JOHN P. DAVIS, LISA LEVERT, SANDY STASH, ARCO, AERL, and TAMKO ROOFING PRODUCTS, INC.<br><br>Defendants. | CV-10-10-BU-SEH-RKS<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT** |

Currently pending is Ms. DiFrancesco's Complaint. (C.D. 2.) The Court has jurisdiction under 28 U.S.C. § 1331. Pro se complaints and actions sought to be prosecuted in forma pauperis are automatically referred to a Magistrate Judge by Local Rule for all pretrial

purposes.  L.R. 73.1.

## I. Prescreening Standard

Because Ms. DiFrancesco is proceeding in forma pauperis, the Court has a statutory duty to review her Complaint before any other proceedings occur in this matter.  28 U.S.C. § 1915(e)(2).  The Complaint shall be dismissed at any time if the Court determines upon review: the allegation of poverty is untrue; or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.  The undersigned recommends that the District Court dismiss this suit.

## II. Discussion

Ms. DiFrancesco named as Defendants United States Magistrate Judge Carolyn Ostby, the District Court, John P. Davis, Lisa Levert, Sandy Stash, ARCO, AERL, and Tamko Roofing Products, Inc.  Ms. DiFrancesco alleges various constitutional violations by the Defendants, all stemming from conduct in a prior lawsuit before Magistrate Judge Ostby.  See CV-99-45-BLG-CSO.  All the named Defendants in the present

lawsuit were participants in that lawsuit as the judge, defendants, or counsel.  The decision of Magistrate Judge Ostby in that case, granting default judgment for Defendants and against Ms. DiFrancesco, was affirmed by the Ninth Circuit Court of Appeals on January 23, 2006. (CV-99-45-BLG-CSO, doc. 216.)

Ms. DiFrancesco's Complaint must be dismissed because it does not state a claim.  United States Magistrate Judge Carolyn Ostby is immune from suit for actions taken in her judicial capacity.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 355 (1978).

On the face of the pleadings, the United States is immune from suit based upon the actions of the District Court and the Clerks of Court.  <u>Dept. of Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 260 (1999) ("Absent a waiver, sovereign immunity shields the Federal Government and it's agencies from suit.); 28 U.S.C. § 2675; <u>Jerves, v. U.S.</u>, 966 F.2d 517, 519 (9th Cir. 1992)(administrative remedies must be exhausted before filing suit).

Further, it appears Ms. DiFrancesco is trying to allege a 42 U.S.C. § 1983 action.  However, she does not state a claim because no Defendant is, or could

possibly be, a state actor. Thus any § 1983 claim lacks an essential element. See <u>Phillips v. Hust</u>, 477 F.3d 1070, 1076 (9th Cir. 2007). She also cannot state a <u>Bivens</u> action against any named Defendant. See <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971); <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).

Even if Ms. DiFrancesco could state a § 1983 or <u>Bivens</u> claim against a named Defendant, the three year statute of limitations would bar her claim. Any potential claim accrued before the final judgment in the prior case because all the conduct Ms. DiFrancesco references occurred in the prior case, before the final judgment issued in 2004. See CV-99-45-BLG-CSO, doc. 216. Ms. DiFrancesco had three years from the time her claim accrued to file a claim. <u>Van Strum</u>, 940 F.2d at 409; <u>Wallace v. Kato</u>, 549 U.S. 384 (2007); <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1013 (9th Cir. 2000). Further, the Ninth Circuit affirmed Magistrate Judge Ostby's judgment in the prior case in 2006. (CV-99-45-BLG-CSO, C.D. 216.) Ms. DiFrancesco did not file this action until March 22, 2010, missing the deadline by any

calculation. (C.D. 2.)

Even if those issues were not dispositive, all Ms. DiFrancesco's present claims are barred by res judicata, which includes both issue preclusion and claim preclusion. See Robi v. Five Platters, Inc., 838 F.2d 318, 321-322 (9th Cir. 1988). Under either type of res judicata, Ms. DiFrancesco's claims are barred. Id. Ms. DiFrancesco seeks to collaterally attack in this Court the validity and consequences of prior rulings, on the same issues and involving the same parties, made by Magistrate Judge Ostby and affirmed by the Ninth Circuit. The Ninth Circuit has spoken on these issues; it has affirmed all the decisions of the trial court. Their ruling is final, conclusive, and renders this suit frivolous.

## III. Certification Regarding Appeal

The Court should certify that any appeal is this matter would not be taken in good faith. See Fed.R.App.P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith when it is frivolous.

Coppedge v. U.S., 369 U.S. 438, 445 (1962) (a litigant demonstrates good faith by appealing issues that are not frivolous).  Frivolous means that no legal point is arguable on the merits.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).   In Ms. DiFrancesco's case, no legal point is arguable on the merits, and any appeal in this matter is frivolous.  The lack of any legal support whatsoever for Ms. DiFrancesco's claims is so apparent that no reasonable person could suppose an appeal would have merit.  Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1.  Ms. DiFrancesco's Complaint (C.D. 2) should be **DISMISSED WITH PREJUDICE**;

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

3. The Court should certify that any appeal taken in this matter would not be in good faith, and have the docket so reflect.

4.  At all times during the pendency of this

action, Ms. DiFrancesco SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## **NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo

determination by the district judge.

DATED this 30th day of March, 2010.

>                         /s/ Keith Strong
>                         Keith Strong
>                         U.S. Magistrate Judge